IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 98-CR-30023-MJR |
| ) | |
| CHARLES DAVIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**REAGAN, District Judge:**

On May 28, 1999, the Court entered Judgment against Davis. On March 31, 2003, that Judgment was amended, and Charles Davis was ordered to pay restitution in the amount of $38,896, with payment to begin immediately to the Clerk of the Court. On April 30, 2007, over four years later, Davis moved to correct or amend a clerical error in the Judgment.

Davis claims that in the colloquy between himself and Judge Richard H. Mills, he was told that restitution payments would not be required until he was released from prison. Davis also claims that the transcript of the hearing contains typographical errors which obscure the understanding between Davis and Judge Mills.

Motions to correct a clerical error in sentencing are governed by **Federal Rule of Criminal Procedure 35**. Rule 35(a) provides: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Where time has expired for a party to perform an act, Rule 45(b)(1)(B) allows the Court to extend the time for doing so where excusable neglect is present. However, Rule 45(b)(2) explicitly states: "The court may not

extend the time to take any action under Rule 35, except as stated in that rule." In other words, the Court is not permitted to give the remedy requested by Davis in this case.

Accordingly, the Court **DENIES** Davis's motion to correct clerical error (Doc. 140) as untimely.

**IT IS SO ORDERED.**

**DATED this 10th day of October 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**