UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>) | Case No. 98-CR-30023-MJR |
| **vs.** )<br>)<br>**CHARLES DAVIS,** )<br>)<br>**Defendant.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Having pled guilty in the underlying case, Davis was ordered to pay $38,896.00 in restitution in an amended judgment entered by this Court on March 31, 2003. Davis has paid $498.98 towards his restitution and has an outstanding balance of $38,397.02. On August 28, 2007, the Government moved this Court to turn over $266 seized from Davis at the time of his arrest so that those funds could be applied to Davis's restitution. These funds are currently being held by the Federal Bureau of Investigation. On September 24, 2007, Davis objected to the Government's motion and moved this Court to turn over the seized funds to Davis's mother.

      This Court finds that the Government has a right to apply funds seized from Davis toward outstanding monetary criminal penalties such as restitution. Davis alleges that the seized funds may be exculpatory evidence improperly concealed by the Government. However, as Davis notes, such allegations are not properly raised in the motion at hand. Davis also argues that the government cannot apply the $266 toward his restitution because it would result in taking more than 25% of his income when coupled with the payments he is already making. Davis apparently refers to a provision in the Consumer Credit Protection Act, which generally provides that wage

garnishments may not exceed 25% of one's disposable earnings for a given workweek.[1]  **15 U.S.C. § 1673.**  As the Government notes, however, the United States Supreme Court has found that this provision limits the garnishment of earnings, not assets generally.  *Kokoszka v. Belford*, **417 U.S. 642, 651 (1974) (finding the garnishment limitation inapplicable to assets in bankruptcy proceedings).**

      Accordingly, the Government's Motion for Turn Over of Seized Funds (Doc. 143) is **GRANTED**, and Davis's Motion for Return of Property (Doc. 148) is **DENIED.**  The Federal Bureau of Investigation is **DIRECTED** to turn over the seized currency to the Clerk of the District Court for the Southern District of Illinois at 750 Missouri Avenue, East St. Louis, Illinois, 62201, and the Clerk of the Court is **DIRECTED** to apply $266.00 to the outstanding criminal monetary penalties imposed in this matter.

      **IT IS SO ORDERED.**

      **Dated this 11th day of October 2007.**

                                       **s/ Michael J. Reagan**
                                       **MICHAEL J. REAGAN**
                                       **United States District Judge**

---

[1] The Court assumes Davis refers to 15 U.S.C. § 1673, though he cites 15 U.S.C. § 1507. The latter statute provides for the appointment, compensation, and duties of an additional Assistant Secretary of Commerce.